UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANLY M. RIDGE, o/b/o<br>LAUREL RIDGE, Deceased<br><br>PLAINTIFF,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social Security<br>Administration,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 05-CV-382-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Manly M. Ridge, substituted party for Laurel Ridge, now deceased (Plaintiff), seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a

---

[1] Plaintiff's December 22, 2002 application for disability insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 12, 2004. By decision dated March 17, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the ALJ's decision on May 23, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born January 9, 1947, and was 57 years old at the time of the hearing. [R. 74, 178].  She claims to have been unable to work since July 1, 2001, due to Graves Disease, hypertension, back pain and depression. [R. 176, 179, 193, 201]. Plaintiff's insured status expired September 30, 2001. To qualify for disability insurance benefits, Plaintiff must establish that she was disabled before that date. *See Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) (relevant analysis is whether claimant was actually disabled prior to the expiration of insured status). The ALJ determined that Plaintiff has severe impairments consisting of Graves disease and acute lumbar strain. [R. 24].  Despite these impairments, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform light work with occasional limitations in stooping, crouching, crawling, kneeling, balancing and climbing of stairs and ladders. [R.26]. Based upon the testimony of a vocational expert (VE) the ALJ determined that Plaintiff could return to her past relevant work (PRW) as a teachers's aide and child care worker. [R. 26]. He concluded, therefore, that Plaintiff was not disabled as defined by the Social Security Act during the relevant time period.

[R. 227]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's decision is not based upon substantial evidence. Specifically, she contends the ALJ failed to perform a proper evaluation at steps 2, 3 4 and 5, and that he failed to perform a proper credibility determination. The Court agrees with Plaintiff's first allegation of error, that the ALJ did not perform a proper step 3 evaluation, and reverses and remands the case on that basis.

At step three of the sequential analysis, the ALJ determines whether a claimant's impairment "is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. In evaluating whether a claimant meets or equals the criteria for a listed impairment, the ALJ is required to compare the symptoms, signs, and laboratory findings regarding a claimant's impairments, as shown in the medical evidence associated with the claim, with the medical criteria shown with the listed impairment. 20 C.F.R. §§ 404.1526(a), 416.926(a). When making the determination whether a particular condition meets the requirements of a listed impairment, the ALJ is required at step three to discuss the evidence and explain why he/she found that the claimant was not disabled. *Clifton v. Chater,* 79 F.3d 1007, 1009-1010 (10th Cir.1996); 20 C.F.R. §§ 404.1526, 416.926.

Here, the ALJ made the following step three finding:

> The medical evidence indicates that the claimant has Graves' disease and acute lumbar strain, impairments that are "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No.4.

[R. 24-25].  And, in Finding No. 4:

> The medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

[R. 27].

Citing *Clifton*, Plaintiff contends that the ALJ's failure to identify the listings that he considered or to explain the reasons for his finding that Plaintiff's impairments did not meet the listings is legal error necessitating a remand. [Plaintiff's brief, p. 2]. Defendant responds that the ALJ's finding at step four demonstrates Plaintiff "does not come close to the Listings severity level" and that, pursuant to *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), a more thorough discussion of the listings was not required. [Defendant's brief, p. 2].  After review of the record and the ALJ's decision in this case, the Court concludes the ALJ failed in his duty to identify and discuss pertinent listings and the evidence supporting his conclusion at step three and that this failure constitutes legal error requiring remand.

The ALJ determined Plaintiff had severe impairments of Graves disease and acute lumbar strain. [R. 24]. Graves disease is a thyroid disorder and is evaluated under the listings for the Endocrine System, 20 C.F.R. § 404, Subpt. P, App. 1, § 9.02; 9.04.

> 9.02 *Thyroid Disorders*.
> Evaluate the resulting impairment under the criteria for the affected body system.
> 9.04 *Hypoparathyroidism*. With:
> A. Severe recurrent tetany; or
> B. Recurrent generalized convulsions; or
> C. Lenticular cataracts.  Evaluate under the criteria in 2.00ff.

Plaintiff's medical records document hypothyroid with heat intolerance, sweating, muscle tremors and cataracts. [R. 14, 136, 138, 140, 147, 149, 150-153].  Because Plaintiff exhibited at least one of the symptoms associated with the criteria in the listing, the ALJ was required to explain the weight he accorded this medical evidence and his reasons for determining that Plaintiff did not meet the listing. See 20 C.F.R. § 404.1525(f), *Symptoms as criteria of listed impairments(s):* "Generally, when a symptom is one of the criteria in a listed impairment, it is only necessary that the symptom be present in combination with the other criteria.  It is not necessary, unless the listing specifically states otherwise, to provide information about the intensity, persistence or limiting effects of the symptom as long as all other findings required by the specific listing are present."

In a short paragraph preceding his RFC assessment, the ALJ discussed Plaintiff's Graves disease and cited a July 2000 note from the medical records that Plaintiff was "feeling great" with no complaints or concerns.  The ALJ did not mention the report written a month later indicating that, although Plaintiff's symptoms were much improved, her TSH remained high despite 5 months of treatment with medication and that she was being referred to endocrinology. [R. 138].  The record must demonstrate

that the ALJ considered all of the evidence when making his/her step three finding. *Clifton,* 79 F.3d. at 1010.

While discussing his credibility determination, the ALJ stated that Plaintiff's "medical record shows her receiving no treatment of her Graves' disease after August 2000." [R. 26]. However, the record indicates that Plaintiff's attorney attempted to obtain records of subsequent treatment without success and, as the Court has noted, the medical reports show laboratory tests were ordered by Plaintiff's medical care providers and that treatment was on-going. [R. 130, 138]. The Court recognizes that it is the Plaintiff's burden to prove disability at the first four steps of the evaluative sequence which includes providing medical records. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997). However, the ALJ's reliance upon the absence of medical records as evidence that Plaintiff did not receive any medical treatment at all is not justified in this instance, particularly in light of Plaintiff's testimony that she had undergone treatment after August 2000 and indications in the medical record that support this testimony. [R. 202-203]. The absence of evidence is not evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir.1993). The ALJ did not state that he disbelieved Plaintiff's testimony that she had continued treatment in Oklahoma City after August 2000. The Court notes that Plaintiff's attorney advised the ALJ that the Oklahoma City treatment center was not able to locate Plaintiff's medical file. [R. 130]. However, this does not relieve the ALJ of his duty to develop the record. The regulations provide that if the Commissioner finds the evidence provided by the claimant to be inadequate in determining whether the claimant is disabled, the Commissioner can take a variety of steps to augment the medical evidence, 20 C.F.R.

6

§ 416.912(e), including affirmatively seeking clarification from the treating physician, 20 C.F.R. § 416.912(e)(1), and/or calling another expert, 20 C.F.R. § 416.927(f)(2)(iii); *see also, e.g., Knox v. Barnhart*, 60 Fed. Appx. 374, 377 (3d Cir.2003) (unpublished). There is no indication that the ALJ attempted to clarify the extent of Plaintiff's impairment caused by Graves disease either by recontacting Plaintiff's medical care providers or by submitting Plaintiff's medical records to a medical expert.

The Tenth Circuit explained in *Fischer-Ross* that a *Clifton* error would not require a remand as long as "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review" and "no reasonable factfinder could conclude otherwise." *Fischer-Ross* 431 F.3d at 734-5. Such is not the case here. No medical evidence contradicts the diagnosis and treatment of Graves disease or Plaintiff's testimony of severe symptoms associated with Graves' disease. Because the ALJ did not discuss the highly probative medical evidence, in order to establish harmless error, there must be other objective findings in the ALJ's sequential step analysis that affirmatively establish that Plaintiff does not meet the requirements for the listing. There are no such findings in the ALJ's decision in this case.

In addition, the record is replete with descriptions of Plaintiff as "obese" and/or "morbidly obese." [R. 136. 138, 142, 144, 145, 152, 153]. This was sufficient to put the ALJ on notice of the condition. *See Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir.2000) (ALJ should have been alerted to claimant's obesity based on "numerous references in the record to [her] 'excessive' weight problem"). Policy Interpretation Ruling, Titles II and XVI: Evaluation of Obesity, SSR 02-01p was issued September 12, 2002, to provide guidance on the SSA policy concerning the evaluation of obesity in disability

7

claims filed under titles II and XVI of the Social Security Act.  Although Listing 9.09 (Obesity) was deleted from the listings effective October 25, 1999, changes were made to the listings to ensure obesity was still addressed. Paragraphs were added providing guidance about the potential effects obesity has in causing or contributing to impairments in the musculoskeletal, respiratory, and cardiovascular body systems. The agency recognizes that "[o]besity can cause limitation of function," *Id.*, and that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." *Id.*  The ALJ determined Plaintiff had a severe impairment affecting her lumbar spine.  In evaluating whether Plaintiff's back impairment met the listings, the ALJ was required to assess the effects of claimant's obesity in conjunction with her impairment and explain whether obesity caused any physical limitations. *Id.* at *6-*7.

Applying the rules set forth in *Clifton,* the Court concludes that remand is necessary. On remand, the ALJ shall specifically identify the relevant listings he compared to Plaintiff's symptoms, signs, and laboratory findings.  After the ALJ identifies the relevant listings, the ALJ shall set out his specific findings and his reasons for accepting or rejecting the evidence regarding whether Plaintiff's impairments met or equaled those listings.

Because the Court finds the ALJ's error at step 3 is grounds for reversal, Plaintiff's remaining allegations of error are not addressed in this order.  This does not mean that the ALJ is limited to reconsideration of the evidence relating solely to his step 3 determination.  Upon remand, the ALJ is encouraged to reconsider the entire claim, including those issues raised by Plaintiff in this case.

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for further development of the record and reconsideration.

SO ORDERED this <u>16th</u> day of August, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE